UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTIA GREEN | ) | CASE NO. |
| 3852 E. 188th Street | ) | |
| Cleveland, OH 44122 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | **PLAINTIFF'S CLASS AND** |
| *similarly situated,* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorse Herein) |
| *v.* | ) | |
| | ) | |
| MR HOMECARE OF | ) | |
| CLEVELAND, OH, INC. | ) | |
| c/o Statutory Agent Marina Rabinovich | ) | |
| 8044 Montgomery Road Suite 700 | ) | |
| Cincinnati, OH 45236 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| SAMANTHA BELFER | ) | |
| 6005 D-2 Landerhaven Drive | ) | |
| Mayfield Heights, OH 44124 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Cyntia Green, by and through counsel, for her Class and Collective Action

Complaint against Defendants Mr Homecare of Cleveland, OH, Inc. (hereinafter "Mr

Homecare") and Samantha Belfer (hereinafter collectively referred to as "Defendants"), states

and alleges the following:

## INTRODUCTION

1.     Plaintiff brings this case to challenge the policies and practices of Defendants Mr

Homecare and Samantha Belfer that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201-219, as well as the statutes of the State of Ohio. Plaintiff brings this case as an FLSA

"collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover

the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective").  Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Cyntia Green was a citizen of the United States and a resident of Summit or Cuyahoga County, Ohio.

6.      Defendant Mr Homecare is an Ohio corporation with its principal place of business in Cuyahoga County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Mr Homecare's statutory agent for service of process is Marina Rabinovich, 8044 Montgomery Road Suite 700, Cincinnati, OH 45236. Defendant Samantha Belfer is, upon

information and belief, a citizen of the United States and a resident of Cuyahoga County, Ohio.

Defendant Samantha Belfer is the Administrator of Defendant Mr Homecare.[1]

## FACTUAL ALLEGATIONS

### Defendants' Business

7.      Defendant Mr Homecare is a ODM Medicare Certified Home Health Agency.[2]

Mr Homecare operates out of 6005 D-2 Landerhaven Drive, Mayfield Heights, OH 44124.[3]

### Defendants' Statuses as Employers

8.      At all times relevant, Defendants were employers within the meaning of the

FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiff.

9.      At all times relevant, Defendants were an enterprise within the meaning of 29

U.S.C. § 203(r).

10.     Defendant Samantha Belfer is an employer pursuant to 29 U.S.C. § 203(d) in that

she is a "person [who] act[ed] directly or indirectly in the interest of an employer," Mr

Homecare, "in relation to employees," including Plaintiff. Defendant Samantha Belfer is also an

employer pursuant to O.R.C. Chapter 4111, and had operational control over significant aspects

of Mr Homecare's day-to-day functions, including the compensation of employees.

11.     At all times relevant, Defendants were an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.     Defendants operate and control an enterprise engaged in commerce, with annual

gross volume of business exceeding $500,000.00.

---

[1] http://publicapps.odh.ohio.gov/eid/Provider_Search.aspx
[2] https://portal.ohmits.com/public/public%20information/search%20provider%20directory/tabId/61/default.aspx
[3] Id.

**Plaintiff's, the FLSA Collective's, and Ohio Class's Non-Exempt
Employment Statuses with Defendants**

13.     Plaintiff Cyntia Green was employed by Defendants from approximately May
2017 to January 2018 as a home health aide. Plaintiff Cyntia Green is a Certified Nursing
Assistant.

14.     At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were
employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

15.      At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were
employees engaged in commerce or in the production of goods for commerce within the meaning
of 29 U.S.C. § 207.

16.     In *Home Care Association of America, et al. v. Weil*, 78 F.Supp. 3d 123 (D.C. Cir.
2015), the District of Columbia Circuit Court of Appeals unanimously upheld the U.S.
Department of Labor's Home Care Final Rule, effective January 1, 2015, which extended the
overtime provisions of the FLSA to home care employees, including Plaintiff, the FLSA
Collective, and Ohio Class.

17.     Effective January 1, 2015, home care employees, including Plaintiff, the FLSA
Collective, and Ohio Class are non-exempt employees, and must be compensated at one and one-
half times their normal hourly rate for hours worked over forty (40) in a week.

**Defendants' Failure to Pay Overtime Compensation**

18.     During their employment with Defendants, Plaintiff, the FLSA Collective, and the
Ohio Class were required to work substantial amounts of overtime.

19.     Plaintiff personally regularly worked 56 or more hours each workweek. For
example, during the two week pay period July 30, 2017 to August 12, 2017, Plaintiff worked 112
hours, or a minimum of 32 hours of overtime (112-80 regular hours); during the two week pay

4

period August 13, 2017 to August 26, 2017, Plaintiff worked 118.5 hours, or a minimum of 38.5 hours of overtime (118.5-80 regular hours); and during the two week pay period May 21, 2017 to June 3, 2017, Plaintiff worked 112 hours, or a minimum of 32 hours of overtime (112-80 regular hours).

20.     Instead of compensating Plaintiff, the FLSA Collective, and the Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff, the FLSA Collective, and the Ohio Class their regular, straight time hourly rates for all hours worked. For example, during the two week pay period July 30, 2017 to August 12, 2017, Plaintiff worked 112 hours and was paid $11.00 per hour for a total gross pay of $1,232.00; during the two week pay period August 13, 2017 to August 26, 2017, Plaintiff worked 118.5 hours and was paid $11.00 per hour for a total gross pay of 1,303.50; and during the two week pay period May 21, 2017 to June 3, 2017, Plaintiff worked 112 hours and was paid $11.00 per hour for a total gross pay of $1,232.00.

21.     Defendants' failure to compensate Plaintiff, the FLSA Collective, and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

24.     The FLSA Collective consists of:

All present and former non-exempt employees of Defendants who performed home care services during the period of three years preceding the commencement of this action to the present.

25.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

26.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

27.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

All present and former non-exempt employees of Defendants who performed home care services during the period of two years preceding the commencement of this action to the present.

30.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons.  The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

31.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants failed to pay Plaintiff and other class members all overtime pay due to them?
>
> Whether Defendants' failure to pay Plaintiff and other class members overtime pay due to them was willful?

32.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

33.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

34.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine

Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Plaintiff brings this claim for violation of the FLSA's overtime provisions.

38.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

39.     Plaintiff, the FLSA Collective, and Ohio Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

40.     Defendants did not pay overtime compensation to Plaintiff, the FLSA Collective, and Ohio Class at the rate of one and one-half times their regular rate for all of their overtime hours.

41.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

42.     As a result of Defendants' violations of the FLSA, Plaintiff, the FLSA Collective, and Ohio Class were injured in that they did not receive wages due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective, and Ohio Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

43.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

45.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

46.     Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

47.     These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

48.     Having injured Plaintiff, the FLSA Collective, and Ohio Class, Defendants are

"liable to the employee[s] affected for the full amount of the overtime wage rate, less any

amount actually paid to the employee[s]" under Ohio law." O.R.C. § 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C.
       § 216(b) and direct that Court-approved notice be issued to similarly-situated
       persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff
       and other members of the Ohio Class;

C.     Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff,
       the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of
       the Ohio Class;

D.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant
       to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their
       unpaid wages, as well as liquidated damages in an equal amount; and

E.     Award Plaintiff compensatory and punitive damages, her costs and attorneys' fees
       incurred in prosecuting this action, and such further relief as the Court deems
       equitable and just.


                                        *s/ Kevin M. McDermott II*
                                        Joseph F. Scott (0029780)
                                        Ryan A. Winters (0086917)
                                        Kevin M. McDermott II (0090455)
                                        SCOTT & WINTERS LAW FIRM, LLC
                                        The Caxton Building
                                        812 E. Huron Rd., Suite 490
                                        Cleveland, OH 44114
                                        P: (440) 498-9100   F: (216) 350-6313
                                        jscott@ohiowagelawyers.com
                                        rwinters@ohiowagelawyers.com
                                        kmcdermott@ohiowagelawyers.com

                                        *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)